OPINION
{¶ 1} Computer service center TJC, Inc., appeals from the trial court's decision and entry awarding appellee Michael A. Rogers damages of $587.35 plus interest and costs on his small-claims complaint.
 {¶ 2} In its sole assignment of error, TJC contends the trial court's damages award constitutes an abuse of discretion because it is unsupported by the record.
 {¶ 3} The record reflects that Rogers took his computer to TJC to have viruses removed and to have it upgraded. After the work was performed, he picked up the computer and returned it several times complaining that it still was not functioning properly. While self-diagnosing the problem at home, Rogers discovered viruses on the computer that TJC allegedly had reinstalled by mistake after removing them. Rogers removed these viruses himself using a Norton antivirus program. As for his other complaints regarding the functioning of the computer, TJC eventually told him that he would have to pay another fee to have additional work performed. Rogers refused and asked for a refund of the more than $500 he had paid for the equipment that TJC had installed. After TJC rejected this demand, Rogers took his computer to PC Upgraders, another repair shop. An employee of PC Upgraders diagnosed Rogers' on-going problem as an incorrect setting on the "motherboard jumpers" that TJC had installed as part of its computer upgrade. The record reflects that Rogers paid PC Upgraders $73.50 to correct this problem. Rogers had no further problems with his computer.
 {¶ 4} Following a bench trial in Miamisburg Municipal Court, a magistrate entered judgment in favor of Rogers and, without explanation, awarded him damages of $587.35 plus interest and costs. TJC filed objections in which it argued that any damages award beyond what Rogers paid to have PC Upgraders correct his problems was unsupported by the evidence and an abuse of discretion. On March 29, 2004, the trial court filed a brief entry in which it overruled TJC's objections without explanation, approved the magistrate's decision, and entered judgment in favor of Rogers in the amount of $587.35 plus interest and costs. This timely appeal followed.
 {¶ 5} In its sole assignment of error, TJC reiterates its argument that the trial court's damage's award is unsupported by the evidence and, thus, constitutes an abuse of discretion. In response, Rogers advances several arguments in support of the award. He contends TJC installed unnecessary parts and recommended unnecessary upgrades to correct the problem about which he initially complained. He also argues that TJC reinstalled viruses after removing them and failed to properly perform its work. In addition, he contends the damages award is justified by his "loss of use, time expended in getting the problem fixed, and additional costs of repair due to Defendant's conduct." Finally, he argues that the damages award is appropriate under the Ohio Consumer Sales Practices Act.
 {¶ 6} Upon review, we find TJC's argument to be persuasive, in part. Although Rogers' complaint fails to make clear whether his claim sounds in contract or tort, his trial testimony indicates a negligence claim. (Tr. at 7). Nothing in the complaint or Rogers' testimony suggests a claim under the Ohio Consumer Sales Practices Act. Therefore, we conclude that no such claim exists. As for Rogers' loss of use of the computer and other incidental or consequential damages, we note that the record is devoid of evidence as to the amount of any such damages. As a result, there is no basis for awarding them.
 {¶ 7} With regard to Rogers' assertion that TJC installed unnecessary parts and recommended upgrades, the record provides little support for this claim. Rogers' own evidence demonstrates that he took his computer to TJC for two reasons: to have it upgraded and to have viruses removed. Due to the viruses on the computer, Rogers conceded that TJC informed him his old operating system might not be recoverable and a new one might be needed. (Pl. Exh. 1 at 21). Nothing in the record suggests that Rogers did not need a new operating system. In addition, Rogers admitted that he wanted the computer upgraded, which involved purchasing a new processor, more memory, and a new motherboard. (Id.). The record also reflects that Rogers purchased a Norton anti-virus program of his own volition. (Id.). Nothing in the record supports Rogers' claim that the foregoing equipment was installed unnecessarily.
 {¶ 8} The record does support a finding, however, that TJC reinstalled some viruses after removing them and incorrectly set the "jumpers" on the motherboard. (Tr. at 5-7). Rogers successfully removed the viruses, and PC Upgraders corrected the jumper setting for $73.50. Although the issue is disputed, the record also supports a finding that TJC at one point incorrectly diagnosed Rogers' problem as a bad disk drive. (Pl. Exh. 1 at 24-25). As a result, Rogers purchased a new DVD drive for $52.68. Given that TJC refused to allow him to return the installed hardware in exchange for a refund of his money, we conclude that the record supports awarding Rogers the $52.68 purchase price for the DVD drive as well as the $73.50 he spent to have the motherboard jumpers reset, for a total damages award of $126.18 plus interest and costs. To the extent the trial court's unexplained damages award exceeds this amount, we find it to be against the manifest weight of the evidence. Accordingly, we sustain TJC's assignment of error to the extent set forth above and modify the trial court's judgment entry to reflect judgment in favor of Rogers in the amount of $126.18 plus interest and costs.
 {¶ 9} Judgment affirmed, as modified.
a. ___________
Wolff, J., and Grady, J., concur.